LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9391 GAF (VBKx) | Date | December 27, 2010 |
|---|---|---|---|
| Title | Scott Allen Summers v. California Manor | | |

| Present: The Honorable | **GARY ALLEN FEESS** | | |
|---|---|---|---|
| Renee Fisher | None | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | | |
| None | None | | |

**Proceedings:**     **(In Chambers)**

**ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION**

On December 9, 2010, Plaintiff Scott Summers ("Plaintiff") filed a complaint against California Manor ("Defendant") in this Court alleging that he was unlawfully evicted from his apartment on December 6, 2010, without due notice. (Docket No. 3, Compl.) His complaint alleges that he is disabled, that he has paid all his rent to date, that his satellite dish is legal, and that the evidence that Defendant has presented is illegal and fraudulent. (Id.) The complaint does not identify any causes of action. Plaintiff is hereby **ORDERED TO SHOW CAUSE** why this case should not be dismissed for lack of subject matter jurisdiction.

Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The burden of establishing jurisdiction rests upon the party asserting jurisdiction. Id. Generally speaking, the two ways a party may bring a case within the jurisdiction of the federal courts are: (1) diversity of citizenship under 28 U.S.C. § 1332; and (2) federal question under 28 U.S.C. § 1331. William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 2:2, at 2A-1 (2006).

Plaintiff's complaint does not allege any grounds for federal jurisdiction. Although he mentions that his apartment is federally funded, he does not cite any authority establishing that claims involving federally funded apartments give rise to federal jurisdiction. He asserts no federal cause of action, as is necessary to support jurisdiction under § 1331, nor does he allege that he and the Defendant are citizens of different states and the amount in controversy exceeds $75,000, as is necessary to support jurisdiction under § 1332.

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-9391 GAF (VBKx) | Date | December 27, 2010 |
|---|---|---|---|
| Title | Scott Allen Summers v. California Manor | | |

     Given these defects, the Court cannot determine whether it has subject matter jurisdiction over this case. Plaintiff is therefore **ORDERED TO SHOW CAUSE** no later than **Friday, January 7, 2011**, why this case should not be dismissed for lack of subject matter jurisdiction. Plaintiff may satisfy this order by filing an Amended Complaint by the prescribed deadline setting forth the basis for this Court's jurisdiction.

     **IT IS SO ORDERED.**